HINES *v.* HELENA COTTON OIL COMPANY.

Opinion delivered February 7, 1921,

1.  CARRIERS—DELAY IN SHIPMENT—BURDEN OF PROOF.—In an action for damage to a carload of cotton seed from delay, the burden was on defendant to show that a local freight train, which passed the station after the car in question was loaded and bill of lading was issued, could not carry it on that day, since its servants made up the train and knew whether the car could have been placed in the local freight train on that day.

2.  APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—Where a verdict is supported by evidence of a substantial character, it will not be set aside as against the evidence.

3.  CARRIERS—DAMAGE BY DELAY IN SHIPMENT—EVIDENCE.—In an action against a railroad company for damages to cotton seed by unreasonable delay in shipment, evidence held to sustain a verdict for plaintiff.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Troy Pace* and *Daggett & Daggett,* for appellant.

1.  The evidence does not show any unreasonable delay in the shipment of the seed and does not show damage from delay in shipment, but the evidence does show that the damage or greater portion of it occurred not from delay in shipment but that the seed were in a deteriorating condition at the time of delivery and that the damage occurred as a natural consequence of their condition at time of shipment. The jury disregarded the undisputed evidence in finding for plaintiff, and the case should be reversed.

*Bevens & Mundt,* for appellees.

The evidence fully sustains the verdict and delay is amply proved, as well as the damage resulting therefrom. The proof is predominant and convincing.

HART, J. This was an action by appellee against appellant to recover damages for the alleged negligent delay of the shipment of a car of cotton seed from Vanndale, Arkansas, to Helena, Arkansas.

Appellee, who was the plaintiff in the court below, recovered judgment against the defendant, who is the appellant.

It is earnestly insisted by counsel for appellant that the judgment obtained against the railroad company, by appellee in the court below, should be reversed because the evidence does not show any unreasonable delay in the shipment of the cotton seed and because the evidence does not show that the damage to the seed resulted from delay in shipment.

On the first point, the testimony is, that a car was set on the house track at Vanndale, Arkansas, by appellant for loading the seed in question, on the 27th day of October, 1919, and that a bill of lading was issued for the car of seed about four o'clock p. m. on the 30th inst. At that time there was a tri-weekly train service for local freight trains and there was a southbound local freight train which left Vanndale on the 30th day of October, 1919, after the car of cotton seed in question was ready to be moved and after a bill of lading had been issued therefor. The usual time for carrying a car of freight from Vanndale to Helena was twenty-eight hours. The car of seed in question did not reach Helena until the 5th day of November, 1919. Counsel for appellant concede that, if the car of seed had left Vanndale in the local freight train on the night of October 30, 1919, it should have reached Helena in twenty-eight hours; but insist that the judgment should be reversed because there is no testimony tending to show that appellant could have placed the car of seed in its local freight train of that date. It was the duty of the railroad company to have carried the car of seed in question in its local freight train. Its servants made up the local freight train and operated it. Its servants knew

whether or not the car of seed was placed, or could have been placed, in the local freight train that left Vanndale after four o'clock p. m. on the 30th day of October, 1919. Therefore, the burden was upon the railroad company to establish the fact that the train was already made up, and that it could not carry the car of seed on that day, if such was the fact. It failed to meet the burden in this respect. It can not now complain of the absence of affirmative evidence on this point.

Again it is insisted by counsel for appellant that there is not sufficient legal evidence to show that the damage to the seed in question was caused by the unreasonable delay of appellant in carrying them from Vanndale to Helena.

Appellee showed the value of the seed at the point of shipment and their value in their damaged condition when they arrived at Helena. The loss shown was sufficient to support the verdict as to the amount, but counsel for appellant insist that the evidence was not sufficient to establish that the damage was caused by the delay in shipment.

It is true that appellant introduced evidence tending to show that the damage was not caused by the delay in shipment, but the evidence on this point adduced by appellee tended to contradict that of appellant, and, inasmuch as the jury was the judge of the credibility of the witnesses, it can not be said that the verdict was not supported by the evidence, if the evidence on the part of appellee was of a substantial character.

Appellee's agent, who bought the seed in question, and inspected them before they were loaded into the car, testified that his inspection showed that the seed cut 70 per cent. and that by this he meant that the seed were damaged 30 per cent. However, his further testimony shows that what he meant was that seed are bought on what is called a prime basis. When he stated that the seed in question were 30 per cent. damaged, he meant that they were 70 per cent. perfect, and that they were

bought on that basis; and not that the seed were inherently damaged. The seed were damaged when they were received at Helena, and the evidence adduced by appellee tended to show that the damage was caused by the delay in the carriage of the seed from the point of shipment to the point of delivery. The testimony on this point for appellee tended to show that the seed became heated on account of the delay in shipment, and that they thereby became materially damaged. Therefore, the evidence was sufficient to support the verdict.

No other assignment of error is urged for a reversal of the judgment, and it follows that the judgment must be affirmed.